# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

STANLEY VANOY RANSOM, III                                          PETITIONER
# E-66978

V.                          No. 4:23-CV-858-BSM-JTR

ERIC HIGGINS                                                       RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

On September 14, 2023, Petitioner Stanley Vanoy Ransom, III ("Mr. Ransom"), a detainee incarcerated in the Bergen County Jail, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging pending criminal

charges, Failure to Appear ("FTA") warrants, and allegedly excessive bail in Pulaski County Circuit Court.[1]

Mr. Ransom alleges the following grounds for habeas relief:

(1) The alleged victim of his crimes "abandoned" these cases in 2021 and swore via affidavit that "petitioner had not done anything to her."[2] *Doc. 1 at 6.*

(2) The Pulaski County Circuit Court issued the FTA warrants in his criminal cases while Mr. Ransom was confined in Lee County, Florida.[3] *Id.*

(3) Mr. Ransom was "forced to pay bails twice, once in Jacksonville Circuit Court and again in Pulaski County Circuit Court." *Id. at 7.*

---

[1] Although Mr. Ransom is currently detained in the Bergen County, New Jersey Jail, Mr. Ransom's habeas petition concerns two currently pending cases in the Circuit Court of Pulaski County, Arkansas: *State of Arkansas v. Ransom*, 60CR-21-1756 and 60CR-21-1774. Case Number 60CR-21-1774 charges Mr. Ransom with three felonies: possession of firearms by certain person, aggravated assault—family or household member, and terroristic threatening. Case Number 60CR-21-1756 charges Mr. Ransom with three additional felonies: kidnapping, domestic battery, and terroristic threatening. The Pulaski County Circuit Court issued FTA warrants in each case. *See* CourtConnect, ARKANSAS JUDICIARY, https://caseinfo.arcourts.gov/ (last visited Oct. 12, 2023).

[2] "Ground One" and "Ground Three" in Mr. Ransom's habeas Petition appear to be substantially the same claim; as such, the Court will not distinguish between the two.

[3] At some point before his detention in New Jersey, Mr. Ransom was incarcerated in Florida. In Case Number 60CR-21-1774, the Pulaski County Circuit Court remarked on this fact in a Docket Entry dated March 6, 2023, stating: "DEF FTA. HE IS IN CUSTODY IN FLORIDA AND HAS A HOLD OUT OF NEW JERSEY. HALL SOUNDED BY CHIEF DRONE. NO RESPONSE. AWNBOA. BF: 5-22-23 STT. REMOVE FROM JT DOCKET." ARKANSAS JUDICIARY, *supra* note 1.

In his "Request for Relief" Mr. Ransom asks the Court to order: (1) all FTAs removed; (2) Don Thompson to recuse himself or "aid and assist" Mr. Ransom; and (3) a pending detainer withdrawn, "as it is affecting [Mr. Ransom's] liberty."[4] *Id.*

Mr. Ransom's habeas Petition fails for several reasons.

## II.  Discussion

District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. In conducting this review, the district court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

Section § 2241 provides a potential source of habeas relief for criminal defendants challenging future confinement that could be imposed upon conviction in state court. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 488—89 (1973). However, to meet jurisdictional requirements, the petitioner must establish that he is "in custody in violation of the Constitution or law or treaties of the United

---

[4] From the publicly available court records, it appears that Don Thompson is Mr. Ransom's attorney in both cases.

3

States." 28 U.S.C. § 2241(c)(3). Additionally, "[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (citing *Braden*, 410 U.S. at 507–08 (Rehnquist, J., dissenting)). To this end, a petitioner pursuing claims under § 2241 must "exhaus[t] the remedies available in the courts of the State."[5] 28 U.S.C. § 2254(b)(1)(A).

Mr. Ransom's allegations regarding his pending charges, FTA warrants, attorney, and detainer fail to meet the exhaustion requirement. First, he has not been tried on the pending state court charges, including the new failure to appear charges; thus, he has not exhausted his state remedies.[6] Mr. Ransom has an opportunity to pursue his alleged defenses and grievances in his pending state court case. Additionally, Mr. Ransom fails to allege facts demonstrating that existing state procedures are ineffective to protect his constitutional rights or that extraordinary

---

[5] The exhaustion requirement applies not only to habeas petitions challenging state-court convictions following a trial or guilty plea, but also to habeas petitions challenging a *pending* or *future* state criminal prosecution. *See Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). In order to fully exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

[6] According to Petitioner, his support group "spoke with numerous court officials" prior to the issuance of the FTA warrants. *Doc. 1 at 6.* Suffice to say, Mr. Ransom did not exhaust his remedies simply by "speaking" with court officials. *See Wingo,* 507 F.2d at 357 n.11 (affirming dismissal of speedy trial claim because petitioner's "apparently unanswered mailing of requests to the detainer-lodging states, asking for speedy trial or dismissal of charges, cannot be deemed an exhaustion of his state remedies").

circumstances warrant federal intervention in his state criminal case. Instead, he simply argues that it is impossible to appear in an Arkansas court when he is incarcerated in New Jersey, and Pulaski County officials issued the FTA warrants "with knowledge" of this impossibility. *Doc. 1 at 6.* But this argument should be presented in state court when Mr. Ransom appears to answer his various charges, including the new failure to appear charges. Mr. Ransom's habeas claims regarding his charges, warrants, attorney, and detainer should be denied and dismissed.

Mr. Ransom's claims regarding excessive bail suffer the same fate. To the extent Mr. Ransom's is arguing an Eighth Amendment excessive bail violation, he has failed to exhaust his state remedies. He alleges only that "officials in Pulaski County Circuit Court knew the bond was set and paid before issuing another bond." *Id. at 7.* Mr. Ransom does not allege *any facts* regarding his attempt to exhaust state remedies. On this record, the lack of *any* action—beyond this premature habeas Petition—falls far short of establishing that he exhausted his state remedies. *See Trujillo v. State*, 2016 Ark. 49, 2 (2016) (state criminal defendants may challenge excessive bail by filing a petition for writ of certiorari with Arkansas Supreme Court). And, as before, Mr. Ransom fails to allege facts demonstrating that existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances warrant federal intervention regarding his bond. Accordingly, this habeas claim should be denied and dismissed.

5

The conclusory and unexhausted claims in this habeas Petition are an attempted "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" that should not be permitted. *Braden*, 410 U.S. at 493. Accordingly, Mr. Ransom's federal habeas petition should be summarily dismissed.

### III.   Conclusion

Because "it plainly appears from the petition…that [Mr. Ransom] is not entitled to relief," summary dismissal of his § 2241 Petition is warranted. Rule 4, Rules Governing Section 2254 Cases in the United States District Court; § 2254 Rule 1(b) (permitting district courts to apply the § 2254 rules to other habeas actions); *see also* 28 U.S.C. § 2243.

IT IS THEREFORE RECOMMENDED THAT all claims asserted in Mr. Ransom's 28 U.S.C. § 2241 Petition (*Doc. 1*) be DENIED, and this case be DISMISSED, without prejudice.

Dated this 24th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE